HIRAM OLNEY, appellant, *v.* DEWIT MYERS, a minor, who sues by his next friend, REUBEN MASSEY, appellee.

*Appeal from Will.*

In an action by a minor for work, labor, and services, proof that the services were performed under an indenture of apprenticeship, is a good bar to the action; and a deposition of witnesses, proving the execution of such indenture by the minor and his father, is admissible in evidence.

The voluntary performance of services by a minor, under an indenture of apprenticeship, though rendered out of the State, where, by the indenture, they were to have been rendered, would not entitle the plaintiff to remuneration therefor.

Olney *v.* Myers.

THIS cause was heard in the Court below at the September term, 1838, before the Hon. John Pearson and a jury. Verdict and judgment were rendered for the plaintiff for $ 100. The defendant appealed to this Court.

J. M. WILSON, J. C. NEWKIRK, and JUSTIN BUTTERFIELD, for the appellant.

J. Y. SCAMMON and W. A. BOARDMAN, for the appellee.

SMITH, Justice, delivered the opinion of the Court : (1)

This was an action for work, labor, and services. The declaration is in the usual form, with money counts.

The defendant pleaded *non assumpsit*, and gave notice that he would prove at the trial, that the work, labor, and services mentioned in the plaintiff's declaration, and alleged to have been performed by the plaintiff for the defendant, were rendered under a certain indenture of apprenticeship, a copy of which is set out in the notice.

On the trial, the defendant offered to give in evidence the depositions of certain witnesses, taken by virtue of a *Dedimus* sued out and duly executed, to prove the due execution of the indenture by Myers, the plaintiff, with the assent of his father. The testimony offered is set forth in the bill of exceptions, and most clearly proves the due execution of the indenture by the plaintiff and his father. We are at a loss, from the proceedings as they appear in the record, to conceive upon what ground the Circuit Court rejected the depositions. The evidence was certainly pertinent to the facts in issue, and directly established the defence set up. The time of service specified in the indenture had not expired, even at the commencement of the suit ; and as the place of the execution of the indenture and performance of the services to be rendered, does not appear to have been out of this State, we do not perceive upon what ground the evidence was rejected.

If the services were to have been performed in another State, and the plaintiff had been brought here, and an attempt had been made to compel him to perform the service in this State, and he had done so against his free consent, that fact should have been shown in avoidance of the obligation of the indenture ; but until that was done, the exclusion of the proof of the due execution of the indenture, was evidently erroneous.

The voluntary performance of the services in the indenture specified to be performed, though rendered out of the State where by the indenture they were to have been rendered by the plaintiff, would not entitle the plaintiff to remuneration therefor.

Let the judgment be reversed, and the cause remanded, with instructions to the Circuit Court to award a *venire de novo.* The appellant will recover his costs.

*Judgment reversed.*

(1) Wilson, Chief Justice, was not present at the argument of this cause,